CraIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG DEROUCHIE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ALL STAR CAR OUTLET, INC. | ) | Trial by Jury Demanded |
| and ALEN PIREH, | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT

Plaintiff, Craig Derouchie, by his undersigned attorneys, complains against Defendants as follows:

### Statement of the Case

1. On or about March 23, 2021, Craig Derouchie purchased a 2002 Toyota Land Cruiser (VIN JTEHT05J122021423) ("Cruiser" or "vehicle") from All Star Car Outlet, Inc. ("Defendants" or "All Star") for a price of $15,700.00 including a documentation fee. *See* Exhibit 1.

2. Derouchie purchased the 2002 Toyota after being deceived by All Star and its owner, Alen Pireh. Defendants deceived him by misrepresenting or omitting numerous material facts in the online advertisement for the Cruiser, which Derouchie viewed before deciding to purchase it.

3. Derouchie looked at All Star's online advertisement for the Cruiser which omitted to disclose: (a) its many material structural and mechanical defects; and (b) that could not be driven safely.

4. In reliance on the online advertisement, Derouchie contacted All Star and spoke to Alen Pireh. In responses to questions by Derouchie about the Cruiser's condition, Pireh said it had minor, normal surface rust on the undercarriage, but nothing that had penetrated the metal. He also

claimed it was spotless and in excellent condition and that Derouchie could never find another Land Cruiser in this good a condition. Pireh omitted to disclose that the Cruiser: (a) had many material structural and mechanical defects, including holes from rust which impaired the structure of the Cruiser, thereby making it unsafe; and (b) could not be driven safely. In reliance on the online advertisement and Pireh's misrepresentations and omissions, Derouchie went ahead with the purchase of the Cruiser.

5. Had Derouchie known the truth about the Cruiser, he would not have purchased it.

### Parties

6. Plaintiff Derouchie is a citizen of Vermont and resides in Morristown, Vermont.

7. Defendant All Star is an Illinois corporation with its principal place of business in East Dundee, Illinois.

8. Defendant Alen Pireh is a citizen of Illinois and resides in Illinois. Pireh is the owner of All Star. Pireh authorized the deceptive online advertisement for the Cruiser and thus directly participated in the consumer fraud that is the subject of this lawsuit.

### Jurisdiction and Venue

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as Plaintiff and Defendants are completely diverse and the amount in controversy exceeds $75,000, excluding costs and interest. Derouchie suffered over $12,400 in diminished value damages, shipping costs of $900, documentation fee of $300, $738 in sales tax and a license plate transfer fee of $25. He also suffered at least $10,000 in aggravation, inconvenience, and emotional distress damages. He is entitled to punitive damages of over $70,000 due to the willful and wanton nature of the Defendants' misconduct.

10. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the events or omissions giving rise to Plaintiff's claims against Defendants occurred in this district.

**Facts**

11. On or about March 23, 2021, Derouchie saw All Star's online advertisements for the Cruiser. Derouchie would not have even considered purchasing the Cruiser if he had known the Cruiser had brake and bearing issues, a damaged hatch and roof and a rust damaged frame that meant the Cruiser could not be driven safely.

12. Thereafter because of Pireh and All Star's material misrepresentations and omissions as alleged above, Derouchie contacted All Star. He spoke to Pireh. He asked Pireh to walk around the car and look under the body and verify that the body and frame were in good condition. After doing that requested walk around, Pireh stated that the Cruiser was spotless and in excellent condition, even though the frame was rusted and had holes in it and the roof and hatch were accident damaged and dented. Relying on Pireh's claims to have verified the condition of the Cruiser, Derouchie decided to go ahead and purchase it.

13. But for the misrepresentations and omissions by Pireh in the parties' conversation and by Pireh and All Star in the online advertisement, Derouchie would not have agreed to purchase the Cruiser.

14. Derouchie paid $15,700, shipping costs of $900, a documentation fee of $300, $738 in sales tax and a license plate transfer fee of $25. See Exhibits 1-2 hereto.

15. Due to excessive wind noise, within one week of receiving the Cruiser, Derouchie used a ladder to inspect the roof and rear latch. Derouchie immediately noticed damage to the vehicle's top rear hatch and adjacent roof. On April 14, 2021, Derouchie took the Cruiser to Fortified Auto Body and received an estimate of $2,205.73 for the repairs. He took the car to Gill's Point S Tire & Auto for an inspection. Gills Point S's inspection revealed that the Cruiser needed new bearings and brakes and estimated these repairs would cost $1,094.82. Gills Point S also scheduled a new inspection date. After

another inspection, Gills Point S informed Derouchie that the frame was rusted through, and the vehicle was deemed undrivable.

16. Gills Point S concluded that the Cruiser was: "Uninspectable (has rot hole on top of frame by passenger front. Hidden behind cowl that shields brake lines) needs all brake lines." This prevented it from being registered and titled in Vermont unless and until numerous defects were corrected, including replacing the brake lines, repairing the body damage and addressing many other safety concerns. The Cruiser is only worth the value of its parts, as the costs of repairs would not make sense to expend on this car and certainly not for Plaintiff.

17. Thereafter, Derouchie repeatedly requested that All Star unwind the transaction and refund the purchase price, and the shipping, and other costs. All Star refused.

18. The Cruiser suffers from the following defects (which Defendants, as experts in the used car business, knew of at the time of sale):

> Vehicle's condition at delivery prevents operation: Gills Point S notes the Cruiser safety issues beyond a rusted through frame and inoperable brakes, either of which results in the vehicle's inability to be driven. The hatch and roof were damaged.

> Vehicle's frame: The rusted through frame, rusted suspension components, and frame adjacent weld rust, and numerous other defects. See attached photographs in Exhibit 3 attached hereto.

> Drivability: Derouchie observed Cruiser's poor braking, excessive bearing noise, and the Cruiser's inability to be driven.

19. Derouchie has suffered actual damages of over $24,363. This includes the following: over $12,400 in damages resulting from the diminished value of the Cruiser, $300 documentation fee, $900 shipping costs, $738 in sales taxes, $25 for plate transfer, and aggravation, inconvenience and emotional distress damages of over $10,000.

## COUNT I

**(Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act)**

20. Derouchie repeats and realleges herein Paragraphs 1-19.

21. The Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/2, states in relevant part that:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful…

22. Additionally, the Illinois Motor Vehicle Code makes it "unlawful for any person to . . . knowingly permit to be driven or moved on any highway any vehicle . . . which is in such unsafe condition as to endanger any person or property …" 625 ILCS 5/12-101(a).

23. Thus, Defendants had a statutory obligation not to put unsafe cars on the road by deceiving Derouchie into purchasing an unsafe car with inoperable breaks.

24. Derouchie is a consumer within the meaning of 815 ILCS 505/1(e).

25. All Star's sale of the Cruiser constituted the sale of merchandise and commerce as defined by 815 ILCS 505/1(b).

26. Defendants misrepresented the following material facts in violation of the Consumer Fraud Act: that the frame and body had no material observable damages, and the car was spotless and in excellent condition and safe to drive.

27. In violation of the Consumer Fraud Act, Defendants omitted to disclose the material facts that the Cruiser had numerous structural and mechanical defects as set forth in paragraph 17 above and was dangerous to drive.

28. Defendants knowingly failed to disclose the damaged and unsafe condition of the Cruiser resulting from the vehicle being un-merchantable, in sub-standard condition, and dangerous to drive. All Star and Pireh had knowledge of these facts as All Star inspected the

Cruiser before selling it to Derouchie and is an expert determining the condition of used cars. The damaged and unsafe condition of the Cruiser is obvious to any knowledgeable person in the industry and the rusted condition of the frame and holes in it can be readily observed upon even a cursory inspection or walk around, including looking under the car as the attached photographs prove. Exhibit 3.

29. Defendants intended for Derouchie to rely on their misrepresentations, half-truths, and/or omissions of material fact. All Star knew that a consumer, like Derouchie, would not purchase the Cruiser if he knew of its true history and condition. Defendants also knew that Derouchie would not have purchased the Cruiser if he knew it was damaged and unsafe to drive.

30. Defendants knew that the Cruiser was un-merchantable, in sub-standard condition, and dangerous to drive. Any car dealer, based on a simple inspection would have known the Cruiser was un-merchantable, in sub-standard condition, and dangerous to drive. The inspection of the Cruiser was made under All Star's ownership and therefore All Star and Pireh knew that the Cruiser was un-merchantable, in sub-standard condition, and dangerous to drive.

31. Had Derouchie known the truth about the Cruiser, he would not have purchased it.

32. On information and belief, Pireh was involved in supervising the publication of the online advertisement for the Cruiser that Derouchie viewed and knew that All Star was misrepresenting and omitting material facts in the sale of the Cruiser. On information and belief, All Star, at the direction of Pireh misrepresented and omitted from the online advertisement, material facts regarding the Cruiser's damaged, and unsafe condition and could not be titled or insured in Vermont.

33. As a direct and proximate result of Defendants' fraud, Derouchie suffered damages of over $24,363, including, but not limited to:

      a. Paying an inflated price for the vehicle;

      b. Shipping costs, fees and taxes;

      c. Aggravation, inconvenience, and emotional distress damages.

34. Derouchie has the option of unwinding the transaction and seeking recission damages and will make such election before trial.

35. Defendants' conduct was willful and wanton, calling for the imposition of punitive damages of over $70,000 to punish and deter similar conduct in the future and to stop Defendants from continuing to violate the Illinois Vehicle Code by putting unsafe cars on the road.

WHEREFORE, Craig Derouchie requests that judgment be entered in his favor and against the Defendants as follows:

      A. Actual damages in an amount to be proven at trial or recission of the transaction;

      B. The costs incurred in this litigation, including expert fees;

      C. Attorneys' fees;

      D. Aggravation, inconvenience and emotional distress damages.

      E. Punitive damages; and

      F. Any other relief that the Court deems just.

## **DEMAND FOR JURY TRIAL**

Pursuant to FRCP 38(b), Plaintiff requests a trial by jury on the claims so triable.

Dated: June 28, 2021                        CRAIG DEROUCHIE

                                             By: /s/ Peter S. Lubin
                                                      One of his Attorneys

| | |
|---|---|
| Peter S. Lubin | Terrence Buehler |
| Patrick Austermuehle | LAW OFFICES OF TERRENCE BUEHLER |
| LUBIN AUSTERMUEHLE, P.C. | 19 South LaSalle, Suite 702 |
| 360 West Butterfield Rd, Suite 325 | Chicago, IL. 60603 |
| Elmhurst, IL 60126 | (312) 371-4385 |
| 630-333-0333 | tbuehler@tbuehlerlaw.com |
| peter@l-a.law | |
| patrick@l-a.law | |